UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | | |
|---|---|---|
| JOSE G. RODRIGUEZ, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | No. 2:17-cv-00413-JMS-MPB |
| | ) | |
| RICHARD BROWN, | ) | |
| | ) | |
| Respondent. | ) | |

**Order Denying Petition for Writ of Habeas Corpus
and Directing Entry of Final Judgment**

The petition of Jose G. Rodriguez for a writ of habeas corpus challenges a prison disciplinary proceeding identified as No. WVE-16-01-0037. Mr. Rodriguez previously filed a petition related to this disciplinary proceeding in Case. No. 2:16-cv-00183-LJM-MJD, which was granted. The present petition relates to the rehearing in the disciplinary proceeding.

For the reasons explained in this Entry, Mr. Rodriguez's habeas petition must be **denied**.

**A.   Overview**

Prisoners in Indiana custody may not be deprived of good-time credits, *Cochran v. Buss,* 381 F.3d 637, 639 (7th Cir. 2004) (*per curiam*), or of credit-earning class, *Montgomery v. Anderson,* 262 F.3d 641, 644-45 (7th Cir. 2001), without due process. The due process requirement is satisfied with the issuance of advance written notice of the charges, a limited opportunity to present evidence to an impartial decision-maker, a written statement articulating the reasons for the disciplinary action and the evidence justifying it, and "some evidence in the record" to support the finding of guilt. *Superintendent, Mass. Corr. Inst. v. Hill*, 472 U.S. 445, 454 (1985); *Wolff v. McDonnell,* 418 U.S. 539, 570-71 (1974); *Piggie v. Cotton*, 344 F.3d 674, 677 (7th Cir. 2003); *Webb v. Anderson*, 224 F.3d 649, 652 (7th Cir. 2000).

## B. The Disciplinary Proceeding

On January 13, 2016, Officer Miller wrote a Conduct Report charging Mr. Rodriguez with B-207, possession of an electronic device. Dkt. 7-1. The Conduct Report states:

> On 1-13-15 at approx. 10:00 a.m. I c/o D. Miller was assisting in a secondary search of clothes belonging to offender Rodriguez, Jose # 197741 who was assigned to FHU RW cell # 420. During the search, I did find various pieces of electronic equipment that have been fashioned into what is consistent with chargers for cellular phones.

The pieces of electronic equipment were confiscated and photographed. Dkt. 7-3, dkt. 7-4. The Conduct Report also noted that Officer N. McKinney was a witness, who stated: "On 1-13-16 at approx. 10:00 a.m. I c/o N. McKinney did witness c/o D. Miller pull multiple electronic parts out of the waistband and pockets of the shorts being searched that belong to offender Rodriguez, Jose # 197741." Dkt. 7-2.

Mr. Rodriguez was notified of the charge on January 14, 2016, when he received the Screening Report. Mr. Rodriguez pled not guilty, requested a lay advocate, and did not request a witness, but he did ask that the hearing officer examine the confiscated electronic devices.

On January 19, 2016, a disciplinary hearing was held regarding the charge of possession of an electronic device in case WVE 16-01-0037. Mr. Rodriguez pleaded not guilty and provided the following statement: "These was extention [sic] for head phone or special order for stuff sold by NHU (plus program) can it be dropped to a C – it was personal property but broken." Based on the staff reports, Mr. Rodriguez's statement, witness statements, photo of the confiscated items, and the confiscation form, the hearing officer found Mr. Rodriguez guilty of possession of an electronic device. Due to the seriousness and frequency of the offense, as well as the likelihood that the sanction would have a corrective effect, the hearing officer imposed the following sanctions: a written reprimand, one month of lost phone privileges, an earned credit time

deprivation of 45 days, and a demotion from credit class one to credit class two, which was suspended.

After exhausting his administrative remedies, Mr. Rodriguez challenged the guilty finding in *Rodriguez v. Brown*, No. 2:16-cv-183-LJM-MJD. On February 27, 2017, the Court issued an Entry Discussing Petition for Writ of Habeas Corpus and granted the petition. *Rodriguez v. Brown*, No. 2:16-cv-183-LJM-MJD, dkt. 11 (S.D. Ind. February 27, 2017). The Court held that Mr. Rodriguez was entitled to habeas relief because the hearing officer only considered a photo of the evidence, but not the evidence itself, as Mr. Rodriguez had requested at screening.

Mr. Rodriguez was notified of his rehearing around March 6, 2017, when he received another Screening Report. Dkt. 7-6. He pled not guilty to the charge, did not request a lay advocate, and did not wish to call any witnesses. He requested physical evidence, with the screening officer noting on the Screening Report: "[r]eview the evidence and explain how they were altered and what makes them charges  * offender will bring cords to hearing." *Id.*

A rehearing before a different hearing officer was conducted on March 9, 2017. Dkt. 7-10. According to the notes from the rehearing, Mr. Rodriguez brought physical evidence that consisted of a volume control extension wire, an extension wire for headphones (not altered) purchased from PLUS program, and an extension wire that was altered on one end with the wire cut and the volume plug taken out of the volume control box. *Id.* Additionally, Mr. Rodriguez argued that "[it's] all personal property." Based on the staff reports, Mr. Rodriguez's statement, the items presented at the rehearing, and inspection of the confiscated items, the rehearing officer found Mr. Rodriguez guilty of B-207, possession of electronic devices. The reason for the decision was that the "DHO believes conduct report to be true and accurate. DHO did physically view evidence confiscated. Property was altered on one end with two wires cut & stripped for use as a

power supply & one end altered with a port that would accept an electronic device." *Id.* The rehearing officer imposed the following sanctions: a written reprimand, one month of lost commissary privileges, an earned credit time deprivation of 45 days, and a demotion from credit class one to credit class two, which was suspended.

Mr. Rodriguez appealed to the Facility Head and the IDOC Final Reviewing Authority, both of which were denied. He then brought this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.

**C.  Analysis**

Mr. Rodriguez presents two grounds on which he challenges his prison disciplinary conviction: (1) violation of due process because the confiscated evidence was allegedly destroyed and (2) insufficiency of the evidence. The respondent responds that the confiscated evidence was reviewed and not destroyed, attaching a picture of the rehearing officer holding the evidence as support. The respondent further argues that there was sufficient evidence to support the guilty finding. In reply, Mr. Rodriguez appears to allege that the rehearing officer violated IDOC policy by reviewing the confiscated evidence outside of his presence and failing to address the evidence requested by him at screening. He reiterates his assertion that the evidence was destroyed (citing to IDOC policy that evidence shall be kept for 6 months and it was 11 months before the rehearing) and alleges that the rehearing officer committed perjury. Mr. Rodriguez further argues that "electrical device" is not defined to include headphone extensions, and therefore he cannot violate B-207 if the altered items were not electrical devices.

1. IDOC policy

To the extent Mr. Rodriguez bases his habeas relief on a claim that IDOC policy was violated, such a claim is not cognizable. Relief pursuant to § 2254 is available only on the ground

that a prisoner "is being held in violation of federal law or the U.S. Constitution." *Caffey v. Butler*, 802 F.3d 884, 894 (7th Cir. 2015). Prison policies, regulations, or guidelines do not constitute federal law; instead, they are "primarily designed to guide correctional officials in the administration of a prison . . . not . . . to confer rights on inmates." *Sandin v. Conner*, 515 U.S. 472, 481-82 (1995). Therefore, claims based on prison policy are not cognizable and do not form a basis for habeas relief. *See Keller v. Donahue*, 271 Fed. Appx. 531, 532 (7th Cir. 2008) (rejecting challenges to a prison disciplinary proceeding because, "[i]nstead of addressing any potential constitutional defect, all of [the petitioner's] arguments relate to alleged departures from procedures outlined in the prison handbook that have no bearing on his right to due process"); *Rivera v. Davis*, 50 Fed. Appx. 779, 780 (7th Cir. 2002) ("A prison's noncompliance with its internal regulations has no constitutional import—and nothing less warrants habeas corpus review."); *see also Estelle v. McGuire*, 502 U.S. 62, 68 at n.2 (1991) ("[S]tate-law violations provide no basis for federal habeas review."). Thus, Mr. Rodriguez cannot be entitled to relief on the basis of an alleged violation of IDOC policy.

        2.       <u>Destruction of Evidence</u>

Mr. Rodriguez alleges that the confiscated items were destroyed, and the failure to inspect the items as he requested was a due process violation.

While Mr. Rodriguez was not presented with the confiscated items at the rehearing, there is support that the confiscated items were *not* destroyed and were inspected by the rehearing officer. First, in the report of the disciplinary hearing, the hearing officer states that she "did physically view evidence confiscated," and provided a brief description of the confiscated items. Dkt. 7-10. Second, she submitted a declaration stating that she physically inspected the actual physical evidence and included a photograph taken on November 20, 2017 of her holding the evidence and the notice of confiscated property. Dkt. 7-11.

Hearing officers "are entitled to a presumption of honesty and integrity" absent clear evidence to the contrary. *Piggie*, 342 F.3d at 666; *see Perotti v. Marberry*, 355 Fed. Appx. 39, 43 (7th Cir. 2009) (citing *Withrow v. Larkin*, 421 U.S. 35, 47 (1975)). Indeed, the "the constitutional standard for impermissible bias is high," and hearing officers "are not deemed biased simply because they presided over a prisoner's previous disciplinary proceeding" or because they are employed by the IDOC. *Piggie*, 342 F.3d at 666. Instead, hearing officers are impermissibly biased when, for example, they are "directly or substantially involved in the factual events underlying the disciplinary charges, or in the investigation thereof." *Id.* at 667. Mr. Rodriguez fails to overcome the presumption of honesty and integrity that Hearing Officer Zimmerman is entitled to. Beyond bald assertions, Mr. Rodriguez fails to provide any evidence that the physical evidence was destroyed or that Ms. Zimmerman committed perjury. Thus, the Court concludes that the confiscated items were not destroyed and were physically inspected by the hearing officer.

To the extent Mr. Rodriguez should have been permitted an opportunity to inspect the physical evidence at his rehearing, harmless error analysis applies, s*ee Jones*, 637 F.3d 841, 847 (7th Cir. 2011); *Piggie v. Cotton*, 344 F.3d 674, 678 (7th Cir. 2003), as Mr. Rodriguez has failed to show how his personal physical inspection of several cut wires would have been exculpatory.

Thus, Mr. Rodriquez is not entitled to relief on this basis.

### 3. Sufficiency of the Evidence

Mr. Rodriguez argues that there was insufficient evidence to support a finding of guilt because headphone wires are not "electronic devices."

Challenges to the sufficiency of the evidence are governed by the "some evidence" standard. "[A] hearing officer's decision need only rest on 'some evidence' logically supporting it and demonstrating that the result is not arbitrary." *Ellison v. Zatecky*, 820 F.3d 271, 274 (7th Cir. 2016); *see Eichwedel v. Chandler*, 696 F.3d 660, 675 (7th Cir. 2012) ("The some evidence

standard . . . is satisfied if there is any evidence in the record that could support the conclusion reached by the disciplinary board.") (citation and quotation marks omitted). The "some evidence" standard is much more lenient than the "beyond a reasonable doubt" standard. *Moffat v. Broyles*, 288 F.3d 978, 981 (7th Cir. 2002). "[T]he relevant question is whether there is any evidence in the record that could support the conclusion reached by the disciplinary board." *Hill*, 472 U.S. at 455-56.

The Adult Disciplinary Code Section B-207 is entitled "Possession of Electronic Device," and is defined as:

> Unauthorized alteration, use or possession of any electronic device, including, but not limited to: computer, computer software, pager, PDA, computer disk, CD/DVD, recording tape (audio or video) or associated hardware. (This offense includes accessing computers, software, the Internet, social media, a facility LAN, etc. or using such in a manner not authorized by the Department of Correction and the alteration of authorized electrical devices, such as televisions, fans, etc, for unauthorized purposes, e.g., charging cellular telephones/electronic devices, etc.)

Indiana Department of Correction Adult Disciplinary Process, Appendix I: Offenses, available at http://www.in.gov/idoc/files/02-04-101_APPENDIX_I-OFFENSES_6-1-2015(1).pdf.

Mr. Rodriguez was found with various pieces of "electronic equipment that had been fashioned into what is consistent with chargers for cellular phones." *See* dkt. 7-1. The rehearing officer inspected the items and noted that the "[p]roperty was altered on one end with two wires cut & stripped for use as a power supply & one end altered with a port that would accept an electronic device." Dkt. 7-10. At the rehearing, Mr. Rodriguez also brought physical evidence that consisted of a volume control extension wire, an extension wire for headphones (not altered) purchased from PLUS program, and an extension wire that was altered on one end with the wire cut and the volume plug taken out of the volume control box. *Id.*

Adult Disciplinary Code B-207 defines electronic device to include any "associated hardware" of an electrical device such as a computer, PDA, CD/DVD, record tape (audio or video), televisions, or cellular telephones. Items such as a headphone or a volume plug would constitute associated hardware. The Conduct Report and the rehearing officer's inspection of the confiscated items are "some evidence," under *Ellison*, that Mr. Rodriguez violated B-207 by altering in an unauthorized manner an electronic device. Thus, Mr. Rodriguez's challenge to the sufficiency of the evidence must also be rejected.

### D. Conclusion

"The touchstone of due process is protection of the individual against arbitrary action of the government." *Wolff*, 418 U.S. at 558. There was no arbitrary action in any aspect of the charge, disciplinary proceedings, or sanctions involved in the events identified in this action, and there was no constitutional infirmity in the proceeding which entitles Mr. Rodriguez to the relief he seeks. Accordingly, Mr. Rodriguez's petition for a writ of habeas corpus must be **denied** and the action dismissed.

Judgment consistent with this Entry shall now issue.

**IT IS SO ORDERED.**

Date: 2/20/2018

Hon. Jane Magnus-Stinson, Chief Judge
United States District Court
Southern District of Indiana

Distribution:

JOSE G. RODRIGUEZ
197741
WABASH VALLEY - CF
WABASH VALLEY CORRECTIONAL FACILITY - Inmate Mail/Parcels
6908 S. Old US Hwy 41
P.O. Box 1111
CARLISLE, IN 47838

Frances Hale Barrow
INDIANA ATTORNEY GENERAL
frances.barrow@atg.in.gov